IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KENNETH WAYNE LEAMING                                              PLAINTIFF

v.                   Civil No. 12-5114

SHERIFF TIM HELDER                                                  DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the undersigned for report and recommendation is the Plaintiff's motion for leave to appeal in forma pauperis (IFP) (Doc. 122). He seeks to appeal an order entered on May 22, 2014 (Doc. 117), striking various "notices" filed by him.

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In this case, no final judgment has been entered. The merits of the action have not been resolved.

For the Court of Appeals to hear an interlocutory appeal "under the collateral order doctrine, the decision appealed from must satisfy three requirements: (1) it must conclusively determine the disputed question; (2) it must resolve an important issue completely separate from the merits of the action; and (3) the decision must be effectively unreviewable on appeal from a final judgment." Howard v. Norris, 616 F.3d 799, 802 (8th Cir. 2010)(citation omitted).

The order in question in this case ordered documents entitled "notice" that had been filed by the Plaintiff stricken from the record. No disputed questions or important issues were resolved. The notices were not pleadings recognized by the Federal Rules of Civil Procedure. The order is not reviewable under the collateral order doctrine. Accordingly, any appeal at this

stage of the litigation would be frivolous and not taken in good faith. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal (Doc. 122) be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3). Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of September 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE